IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIM W. WILLIAMS, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-09-BE-597-S |
| ] | |
| CITY OF IRONDALE, ALABAMA, et al., ] | |
| ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

This case comes before the court on Defendant Chief Jerry McIntosh's "Motion to Dismiss" (doc. 6); Defendant City of Irondale's "Motion to Dismiss" (doc. 7); Defendant Judge Gerard Durward's "Motion to Dismiss" (doc. 8); and Defendant Mayor Tommy Joe Alexander's "Motion to Dismiss" (doc. 9). Plaintiff Kim Williams brings this action against Defendants Chief Jerry McIntosh, the City of Irondale, Judge Gerard Durward, and Mayor Tommy Joe Alexander. Plaintiff asserts that the Defendants violated her civil rights by, *inter alia*, failing to provide her adequate counsel, failing to apprise her of her constitutional rights, and ignoring her indigent status. The Plaintiff seeks monetary damages on behalf of herself, and declaratory and injunctive relief on behalf of herself and a purported class of others similarly situated.

The court ordered the Plaintiff to show cause why the Defendants' motions to dismiss should not be granted, to which the Plaintiff responded (doc. 12). The Plaintiff also filed a "Motion for Leave to File Amended Complaint" (doc. 11).

The court has reviewed the parties' filings and the applicable law. For the reasons stated

below, the court will GRANT the individual Defendants' motions to dismiss (docs. 6, 8 & 9); the court will GRANT IN PART and DENY IN PART the City's motion to dismiss (doc. 7); specifically, the court will GRANT the City's motion as to any claims of punitive damages and any claims arising before March 25, 2007; the court will DENY the City's motion as to all other claims; and the court will GRANT the Plaintiff's motion for leave to amend her complaint (doc. 11).

## FACTS

Plaintiff Kim Williams was convicted of traffic violations in 2003. She was fined approximately $1,000, ordered to pay probation fees, granted probation, and released. Plaintiff Williams did make some payments towards her fine, but she was unable to pay the full amounts. In 2005, 2006, and 2007, therefore, her probation was revoked and her fines were converted to jail time.

Each time when her probation was revoked, no revocation hearing was held, Plaintiff Williams received no notice of delinquency, and she was not provided legal counsel to present her case. After serving her sentences in 2005, 2006, and 2007, she was released and ordered to pay additional court fines, probation fees, carrying costs, and other assessments. The total amount she owes is now more than $1,200.

In 2009, Plaintiff Williams was charged with indirect contempt, which she asserts could not have been related to her traffic citations in 2003 or her later failures to pay the fines related to her traffic citations. Plaintiff Williams asserts that she never received any notice as to the underlying facts of the indirect contempt charge against her. As a result of this charge, Plaintiff Williams was incarcerated for an allegedly indeterminate amount of time. She alleges that she

was told that the jail is a "working jail," and that she would have to work off her fines and costs by remaining incarcerated. Plaintiff Williams remains in custody, and she alleges that she has not been told when she will be released.

Plaintiff Williams alleges that the Defendants violated her constitutional rights by, *inter alia*, imposing incarceration following her nonpayment of fines, by not providing her notice of the underlying facts giving rise to the charges against her, by not providing her an opportunity to explain her delinquency, and by denying her an opportunity to be represented by counsel at a hearing.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969. "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements. *Id.* at 1965.

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S.

593, 598 (1989). In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)). Nevertheless, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## DISCUSSION

I.  *Individual Defendants' Motions to Dismiss*

Plaintiff Williams has sued Defendants Chief Jerry McIntosh, Mayor Tommy Joe Alexander, and Judge Gerard Durward in their official capacities, allegedly to ensure that complete declaratory and injunctive relief is made available to Plaintiff Williams and those similarly situated. These Defendants asserts that the claims against them in their official capacity are really claims against the governmental entity they represent, the City of Irondale. As such, the individual Defendants move the court to dismiss Plaintiff Williams' claims against them in their official capacity, because those claims are redundant in light of Plaintiff Williams' claims against the City of Irondale.

Suits against a governmental officer or employee in his "official capacity" are, in effect, suits against the governmental entity that person represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that municipalities and other governmental entities can be sued as "persons" under § 1983). As Plaintiff Williams concedes, suits against a government official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55

(1978). Plaintiff Williams' claims against the individual Defendants, therefore, are essentially identical to her claims against the City of Irondale, the governmental entity they represent.

"Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky*, 473 U.S. at 166). As such, the Eleventh Circuit in *Busby* determined that "[t]o keep both the City and the officers sued in their official capacity as defendants in [the] case would [be] redundant and possibly confusing." *Id.*

In this case, because Plaintiff Williams has brought suit against the City of Irondale, allowing the official-capacity claims against the individual Defendants to proceed would be "redundant and possibly confusing." The court, therefore, will grant the individual Defendants' motions to dismiss, because the claims asserted against them are redundant of the claims asserted against the Defendant City.

II.     *Defendant City of Irondale's Motion to Dismiss*

The City of Irondale asserts that Plaintiff Williams cannot seek punitive damages against it. Plaintiff Williams concedes that punitive damages against the City are not available. The court, therefore, will grant the City's motion to dismiss as to the Plaintiff's claims for punitive damages.

The City of Irondale also asserts that any of Plaintiff Williams' claims that arise out of alleged misconduct before March 25, 2007, that is, two years before Plaintiff Williams filed suit, must be dismissed as barred by the statute of limitations. "The Supreme Court has directed that

the state statute of limitations period applicable to personal injury actions should be applied to all actions brought under § 1983." *Smith v. Belle*, 321 Fed. App'x 838, 844 (11th Cir. 2009) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superceded by statute as recognized in*, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). The statute of limitations for personal injury actions in Alabama is two years. Ala. Code § 6-2-38(1). As such, the court will grant the City's motion to dismiss as to any of the Plaintiff's claims that arise out of conduct that took place before March 25, 2007.

As to the substantive claims, the City of Irondale first moves the court to dismiss Count Five of the complaint, which alleges that the Defendants are liable for false imprisonment of the Plaintiff. The City asserts that it cannot be held liable for the intentional torts of its agents or employees. The City is correct as to the general statement, but incorrect in its application to Count Five.

The cases that the City cites in support of its motion to dismiss Count Five undermine its argument. First the City cites to *Brooks v. City of Birmingham*, 584 So. 2d 451 (Ala. 1991), for the proposition that false imprisonment claims against a municipality cannot lie. The *Brooks* decision, however, has since been overruled. *See Franklin v. City of Huntsville*, 670 So. 2d 848 (Ala. 1995). As the Alabama Supreme Court has recognized in a case cited by the City, "[the Alabama Supreme] Court at one time held that false-imprisonment claims against a municipality were barred," however those decisions "[were] expressly overruled." *City of Bayou La Batre v. Robinson*, 785 So. 2d 1128, 1130-31 (Ala. 2000).

Second, false imprisonment is not an intentional tort.  The Alabama Legislature has stated that "[f]alse imprisonment consists in the unlawful detention of the person of another for any

length of time whereby he is deprived of his personal liberty." Ala. Code § 6-5-170. "Had the Legislature intended to restrict the tort of false imprisonment to intentional acts, it easily could have chosen words far more specific than the word 'unlawful' to characterize the conduct constituting the tort." *Bayou La Batre*, 785 So. 2d at 1131. In other words, false imprisonment claims based on a theory of negligence, as are the false imprisonment claims in this case, could proceed against a governmental entity such as the City of Irondale. *See id.*; *Franklin*, 670 So. 2d at 850-52. The court, therefore, will deny the City's motion as to Count Five.

The City also argues that Counts One through Four should be dismissed, because the City cannot be held liable under a *respondeat superior* theory. The Supreme Court has stated that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy . . . caused a constitutional tort." *Monell*, 436 U.S. at 691. As such, the Court concluded "that a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* (emphasis in original). A municipality can be held liable "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* To establish municipal liability, a plaintiff must "identify conduct properly attributable to the municipality" and "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

Plaintiff Williams asserts that the City has a custom or policy of imposing fines without regard to a defendant's indigence, incarcerating those defendants when they cannot pay the fines,

imposing incarceration without notice or a hearing, and detaining those defendants without telling them when they will be released. Taking the factual allegations in the complaint as true, which the court must do at this phase, the Plaintiff has adequately alleged violations of her constitutional rights for Rule 12(b)(6) purposes.

As the City concedes, its municipal court judge is a final policymaker. Likewise, the court finds that the Mayor and the Chief of Police are also final decisionmakers as to the actions taken in this case. The Eleventh Circuit has stated that "the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains." *Brown*, 520 U.S. at 405.

Because the court determines that Plaintiff Williams has adequately alleged that municipal decisionmakers violated her federal rights, the court will deny the City's motion to dismiss as to Counts One through Four.

The City also argues that it is entitled to absolute judicial immunity for the acts of its municipal judge. The City cites several cases that support the proposition that *judges* acting in their official capacity and within the bounds of their jurisdiction are entitled to absolute judicial immunity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)*; Ex parte City of Greensboro*, 948 So. 2d 540, 542 (Ala. 2006). The City does not, however, cite a single case to support the proposition that the City should stand in the shoes of its municipal officers such that the *City* would be immune from suit. The court finds no such case; therefore, the court finds that this argument lacks merit.

*III.     Plaintiff Williams' Motion to Amend*

Plaintiff Williams, along with her response to the Defendants' motions to dismiss, filed a motion to amend her complaint. Plaintiff's main objective is to add another named plaintiff to represent her proposed class of similarly situated individuals. Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." The Eleventh Circuit has also declared that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines*, 868 F.2d 401, 407 (11th Cir. 1989). The court, therefore, will GRANT the Plaintiff's motion to amend.

## CONCLUSION

For the reasons stated above, the court will GRANT the individual Defendants' motions to dismiss, because the claims asserted against them are redundant of the claims asserted against the Defendant City. The court will DISMISS WITH PREJUDICE the claims against the individual Defendants.

The court will also GRANT the City's motion to dismiss as to any claims of punitive damages, because punitive damages are not available against the City, and any claims that arise out of alleged misconduct before March 25, 2007, because such claims are barred by the statute of limitations. The court will DISMISS WITH PREJUDICE the punitive damages claims and any claims arising before March 25, 2007.

In all other respects, the court will DENY the City's motion, and will allow Counts One through Five to proceed, against the City only, consistent with this opinion.

The court also will GRANT the Plaintiff's motion to amend her complaint. An amended

9

complaint may be filed no later than 10 days from the date of this Order.

DATED this 26th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE